UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM DIAZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:05-CV-185 RM |
| vs. | ) |
| | ) |
| LaDONNA MITCHELL, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Adam Diaz, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Diaz alleges that the Department of Correction has changed its policy for restoring good time. Mr. Diaz says he lost good time before the policy was changed is being subjected to the new policy for the restoration of that time. It appears that Mr. Diaz expected to utilize the prior, less restrictive, policy, but "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Olim v. Wakinekona, 461 U.S. 238, 250 n. 12 (1983).

He also alleges that the new policy violates state law. To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States. West v. Atkins, 487 U.S. 42 (1988). The violation of a state law states no claim under § 1983. Furthermore, Mr. Diaz misreads IND. CODE 35-50-6-5(c). The statute provides that "Any part of the credit time of which a person is deprived under this section may be restored." The statute permits the restoration of good time, but it does not stipulate a policy for doing so.

> [I]t is evident that the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the DOC. Because the stated purpose of the credit time statutes is to promote prison discipline and rehabilitation of inmates, matters relating to the deprivation and/or restoration of credit time should be entrusted to the Department of Correction. Therefore, we hold that granting or denying credit time is an

administrative responsibility of the DOC.

<u>Campbell v. State</u>, 714 N.E.2d 678, 684 (Ind. Ct. App. 1999) (citations omitted).

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: April __19__, 2005

>     /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court